IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOLLY S. ALLEN,<br>    Plaintiff,<br><br>            v.<br><br>GARRISON PROPERTY AND CASUALTY COMPANY,<br>    Defendant. | Civil Action No.<br>1:24-cv-01552-SDG |

## OPINION AND ORDER

This case is before the Court on Defendant Garrison Property and Casualty Company's motion to dismiss the third amended complaint [ECF 25]. The factual and procedural background of this case are fully set out in the Court's March 28, 2025 Order dismissing the second amended complaint.[1] The March 2025 Order also granted Plaintiff Holly S. Allen leave to amend her complaint to allege additional facts supporting her waiver and estoppel arguments.[2] Allen timely filed her third amended complaint on April 28.[3]

However, the third amended complaint suffers from the same fatal defects as the second amended complaint. The March 2025 Order concluded that the second amended complaint failed to state a claim for four reasons: (1) Under

---

[1]    ECF 22.

[2]    *Id.*

[3]    ECF 24.

1

Georgia law and the Garrison insurance policy, Allen was required to obtain a judgment against the underinsured motorist (Zhou) as a condition precedent to stating a claim against Garrison, but Allen did not do this before dismissing her lawsuit against Zhou with prejudice; (2) California law did not make it impossible for Allen to obtain such a judgment, and therefore the "impossibility" exception described in *Georgia Farm Bureau Mutual Insurance Co. v. Williams*, 266 Ga. App. 540 (2004) is not applicable; (3) Allen did not adequately allege that Garrison waived its right to require a judgment against Zhou before paying underinsured motorist benefits; and (4) because Allen's underlying breach of contract claim was dismissed, her claims for bad faith and attorneys' fees were dismissed as well.[4] Having reviewed the third amended complaint and the parties' motion to dismiss briefing, the Court concludes that the same fatal defects are apparent on the face of the third amended complaint. Accordingly, dismissal is appropriate here. The Court will briefly re-address its conclusions below.

### A.   Allen did not obtain the necessary judgment against Zhou.

Because Allen did not obtain a judgment against Zhou, Allen failed to satisfy a condition precedent to stating a claim against Garrison as required by Georgia's Uninsured Motorist (UM) Act. *Kent v. State Farm Mut. Auto. Ins. Co.*, 233 Ga. App. 564, 565 (1998); *see also Knight v. Safety Nat'l Cas. Corp.*, 363 Ga. App. 47, 49 n.4

---

[4]   *See generally id.*

(2022) (collecting cases). Because Allen voluntarily dismissed Zhou with prejudice, she was thereby "prevented from establishing that liability and securing a judgment against" him and thus "barred from recovering underinsured motorist benefits from" her UM insurer, Garrison. *Kent*, 233 Ga. App. at 565; *see also Knight*, 363 Ga. App. at 50 n.7 (collecting cases). Nor has Allen demonstrated that any exception to this rule applies, as discussed in the following sections.

### B. California law did not make it impossible to obtain a judgment against Zhou.

The Georgia Court of Appeals' decision in *Williams*—which held that "uninsured motorist insurance is available where it is impossible for the plaintiff to obtain a judgment against an insured motorist for reasons unrelated to the facts of the accident," 266 Ga. App. at 541–42—is not applicable here because California law did not make it impossible to obtain a judgment against Zhou. At issue in *Williams* was a Florida no-fault statute that granted immunity to the other driver and thereby prevented the plaintiff from obtaining a judgment against the other driver. *Id.* at 542. Allen has not identified any comparable California law; the Court previously rejected her contention that Cal. Ins. Code § 11580.2(p)(3) or *Barney v. Aetna Casualty & Surety Co.*, 185 Cal. App. 3d 966 (Cal. Ct. App. 1986) satisfy these criteria.[5]

---

[5] ECF 22, at 15–18.

Allen's new citation to *Barickman v. Mercury Casualty Co.*, 2 Cal. App. 5th 508 (2016)[6] is also unavailing, because that case simply stands for two propositions that are irrelevant here: (1) "as is true in many bad faith cases, the reasonableness of the insurer's claims-handling conduct was a question of fact to be resolved following a trial"; and (2) a timely policy limits settlement offer does not insulate an insurer from a claim of bad faith as a matter of law. *Id.* at 520 n.5, 521. Indeed, in *Barickman*, the California Court of Appeals held that the defendant-insurer was not entitled to judgment as a matter of law on a claim that it refused to settle in bad faith, where the insurer offered the full policy limits in exchange for a general release but did not subsequently agree to modify the release language to preserve the injured parties' criminal restitution claims. *Id.* at 519–21. The fact that a California insurer may not be entitled to judgment as a matter of law on a bad faith claim based on its agreement to a limited liability release under Georgia law does not make it "impossible for the plaintiff to obtain a ***judgment*** against an insured motorist." *Williams*, 266 Ga. App. at 541–42 (emphasis added). Therefore, the impossibility exception in *Williams* does not apply.

---

[6]   ECF 34, at 9 n.2; *see also id.* at 11–18.

### C. Allen did not adequately allege that Garrison waived its right to require a judgment against Zhou.

The March 2025 Order rejected Allen's arguments that Garrison waived its right to require a judgment against Zhou, either through its conduct in negotiating a potential settlement or by "implicitly adopting" her settlements with Zhou's insurers under Fed. R. Evid. 801(d)(2)(B),[7] though the Order left open the possibility that Allen could plead additional facts that adequately alleged waiver by Garrison.[8] Instead, Allen responded with the exact same arguments that were addressed in the March 2025 Order.[9] The Georgia Court of Appeals has held that the UM statute's "legal requirements [under O.C.G.A. § 33-7-11(d)] which are condition[s] precedent to a judgment of liability may not be excused or avoided

---

[7] Allen renews her argument under Fed. R. Evid. 801(d)(2)(B), *see* ECF 34, at 21–24, but the Court's previous conclusion that this evidentiary rule is inapplicable here remains unchanged, *see* ECF 22, at 22–24. Even if this argument is addressed on its own terms, Senior U.S. District Judge Thrash of this district has noted in a similar context that "an interpretation of the [Georgia] Uninsured Motorist Act that treated settlement negotiations as the equivalent of a waiver of a condition precedent may be at odds with Georgia law." *Harden v. State Farm Mut. Auto. Ins. Co.*, No. 1:08-CV-1474-TWT, 2008 WL 11334017, at *2 (N.D. Ga. Aug. 6, 2008), *aff'd*, 339 F. App'x 897 (11th Cir. 2009) (citing *Citadel Corp. v. Sun Chem. Corp.*, 212 Ga. App. 875, 877 (1994) and former O.C.G.A. § 24-3-37 [now O.C.G.A. § 24-4-408]); *see also Citadel Corp.*, 212 Ga. App. at 877 (holding, in another context, that "[s]ettlement negotiations are not admissible in evidence, and do not constitute a 'waiver' of either party's claim or defense").

[8] ECF 22, at 18–24, 26–27.

[9] *Compare* ECF 13, at 12–14, *with* ECF 34, at 19–24.

5

by the ordinary conduct of settlement negotiations." *Beasley v. Parks*, 204 Ga. App. 482, 482 (1992) (citing *Drohan v. Carriage Carpet Mills*, 175 Ga. App. 717 (1985)). And whether Garrison waived its right to require a judgment against Zhou is a legal conclusion that must be supported by the facts and reasonable inferences in the complaint. *See Vratsinas Const. Co. v. Triad Drywall, LLC*, 321 Ga. App. 451, 454 (2013) ("[W]hen the facts and circumstances essential to the waiver issue are clearly established, waiver becomes a question of law.") (internal quotation marks and citations omitted); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal.").

Just as in the March 2025 Order, the allegations of the third amended complaint demonstrate nothing more than the ordinary conduct of unsuccessful settlement negotiations, which would not waive Garrison's right to require a judgment against Zhou. *See Beasley*, 204 Ga. App. at 482; *see also Harden v. State Farm Mut. Auto. Ins. Co.*, 339 F. App'x 897, 903 (11th Cir. 2009) (quoting *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154 (2008)) ("Plainly, under Georgia law, the '[m]ere negotiation for settlement . . . is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute a waiver of the [ ] defense.'").

### D. Allen's claims for bad faith and attorneys' fees must be dismissed as well.

Allen's bad faith claim fails for the same reason her breach of contract claim fails: Allen did not obtain a judgment against Zhou. *See Wallis v. Cotton States Mut. Ins. Co.*, 182 Ga. App. 147, 148 (1987) (quoting *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833, 834 (1983), *aff'd*, 251 Ga. 869 (1984)) ("A demand for payment and refusal by the insurer prior to trial on the tort liability of the uninsured motorist does not eliminate the requirement that a judgment first be obtained against the uninsured motorist as a condition precedent to suit against the insurer."). And because Allen "must prevail on [her] basic cause of action in order to obtain litigation expenses [under O.C.G.A. § 13-6-11]," *Ellis v. Gallof*, 220 Ga. App. 518, 519 (1996) (quoting *Barnett v. Morrow*, 196 Ga. App. 201, 203 (1990)), which she has not done, her claim for attorneys' fees must be dismissed as well.

### E. Conclusion

Because the third amended complaint is subject to dismissal for the same reasons as the second amended complaint, Garrison's motion to dismiss [ECF 25] is **GRANTED**. Allen's third amended complaint is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 13th day of January, 2026.

_____
Steven D. Grimberg
United States District Judge